# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DARRELL CASSADY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0017** (BOR Appeal No. 2047345)
                      (Claim No. 2012017929)

**PRESTON SANITATION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darrell Cassady, by Christopher J. Wallace and Raymond A. Hinerman, his attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review. Preston Sanitation, Inc., by Gary W. Nickerson and James W. Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 5, 2012, in which the Board affirmed a June 15, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 24, 2012, decision denying Mr. Cassady's request to add the diagnosis of Dupuytren's contracture as a compensable condition of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Cassady worked as a driver for Preston Sanitation, Inc. On November 16, 2011, Donald Hoffman, M.D., diagnosed him with carpal tunnel syndrome and Dupuytren's contracture in the fifth and fourth digits of the right hand. Dr. Hoffman found that Mr. Cassady had Dupuytren's contracture in the left hand starting in 2005. Dr. Hoffman believed that both conditions were associated with his driving and use of vibratory tools at work. Mr. Cassady applied for workers' compensation benefits based on these diagnoses. Rebecca Thaxton, M.D.,

1

then reviewed Mr. Cassady's claim and found that his carpal tunnel syndrome was related to his employment. Dr. Thaxton, however, found that his Dupuytren's contracture was not a work-related injury because the medical literature indicated that it was not caused by trauma. The claims administrator held the claim compensable for carpal tunnel syndrome. However, on January 24, 2012, the claims administrator denied Mr. Cassady's request to add Dupuytren's contracture as a compensable condition of the claim. Sushil Sethi, M.D., then performed an independent medical evaluation of Mr. Cassady and recommended against adding Dupuytren's contracture as a compensable condition. Dr. Sethi determined, based on extensive medical literature, that the condition was a hereditary disease upon which Mr. Cassady's work activity had no impact. On June 15, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on December 5, 2012, leading Mr. Cassady to appeal.

The Office of Judges concluded that Mr. Cassady did not show by satisfactory proof that the diagnosis of Dupuytren's contracture is causally related to his employment. The Office of Judges based this determination on the opinions of Dr. Sethi and Dr. Thaxton. The Office of Judges also found that their opinions were consistent with medical literature about Dupuytren's contracture. The Office of Judges noted that Mr. Cassady first began experiencing symptoms of Dupuytren's contracture in 2005, and these symptoms were never considered or treated as work-related. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Cassady has not demonstrated that he developed Dupuytren's contracture in the course of and resulting from his employment. Dr. Sethi and Dr. Thaxton both recommend against adding the diagnosis as a compensable condition of the claim. Their opinions are supported by the remainder of the record. Although Dr. Hoffman indicated that the diagnosis was related to Mr. Cassady's work, his opinion is not supported by the record as a whole.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II